# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**KARL HUNT**                                                                          **PLAINTIFF**

**v.**                                                                          **No. 1:07CV301-A-B**

**LEE COUNTY JUSTICE CENTER, ET AL.**                                          **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Karl Hunt, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Discussion

The court, *sua sponte,* takes up the dismissal of the plaintiff's case filed under 42 U.S.C. § 1983. The plaintiff alleges that the defendants used the incorrect name in arresting and confining him and seeks as relief $6,000,000.00 and immediate release from incarceration. There are two interpretations of this claim. First, the plaintiff may be alleging that, although he committed the crime for which he is serving his sentence, the defendants have placed the name of another man in his records. This interpretation of the allegations leads to a dismissal for failure to state a claim upon which relief could be granted, as no constitutional rights have been violated under that construction of the claim. The other interpretation of the claims is that the plaintiff did not commit the crime of his conviction, and thus, he is an innocent man unjustly serving a sentence for a crime he did not commit. Although such a claim would allege a constitutional

violation, a prisoner suit filed under 42 U.S.C. § 1983 is the improper vehicle for bringing the claim in federal court. Under this interpretation, the plaintiff does not challenge the conditions of his confinement, as required under 42 U.S.C. § 1983; he instead challenges the fact and duration of his confinement, a claim which he should have brought as a *habeas corpus* claim under 28 U.S.C. § 2254. A claim under 42 U.S.C. § 1983 does not accrue until the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). As the plaintiff has not shown that his conviction or sentence has been reversed, expunged, invalidated or impugned by the grant of a writ of *habeas corpus*, his claim under 42 U.S.C. § 1983 is not ripe for consideration and should be dismissed without prejudice to his ability to file a *habeas corpus* claim under 28 U.S.C. § 2254.

    Therefore, the plaintiff's claims, under either interpretation, fail to state a claim under 42 U.S.C. § 1983 and must be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

    **SO ORDERED,** this the  20th  day of February, 2008.

                                      /s/ Sharion Aycock
                                       **U. S. DISTRICT JUDGE**